IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LAWRENCE DALE ST. JOHN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:20-CV-00195-RWS |
| § | |
| DIRECTOR, BUREAU OF PRISONS, *ET AL.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 29), which contains his findings, conclusions and recommendations for the disposition of this matter, and Plaintiff's Motion for Extension of Time to File Objections Thereto (Docket No. 32). Plaintiff Lawrence Dale St. John, a prisoner of the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed the above-titled civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. Defendants later moved for summary judgment. Docket No. 22. After reviewing the pleadings, the Magistrate Judge issued a Report recommending Defendants' Motion for Summary Judgment be granted and the lawsuit be dismissed without prejudice. Docket No. 29. The Court hereby adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of this Court.

Plaintiff's complaint alleges that he was diagnosed with Covid-19 in November of 2020. Docket No. 10 at 4. Plaintiff further alleges he was subsequently moved six times and placed with inmates who tested either positive or negative for the disease. *Id.* Plaintiff also asserts that prison officials failed to promulgate any regulations regarding Covid-19. *Id.* Plaintiff argues that, as a result, he and "approximately 600 other inmates" contracted the disease. *Id.* Plaintiff requests that the Court issue an injunction directing the prison officials to (1) implement procedures to combat Covid-19 and to (2) not commingle inmates who tested positive for Covid-19 with inmates who tested

negative, in what he describes as "housing units previously deemed uninhabitable with no access to medical and basic human needs." *Id.*

Defendants filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e.  Docket No. 22.  In his amended complaint, Plaintiff concedes that he had not exhausted his administrative remedies, stating that the situation was an emergency.  Docket No. 10 at 3.  But in his response to Defendants' summary judgment motion, Plaintiff argues that the grievance process was unavailable because he and other inmates had no access to "any paper supplies, [typewriters], any [Step] 4 grievance remedies, administrative, staff, officer[s], medical, mail, telephone, Tru-Links (Sentry), or basic human needs." Docket No. 27 at 1.

Plaintiff further argues that there was "no opportunity, whatsoever during [the Covid-19] pandemic emergency situation to address the Administrative Prison Grievance Remedies." *Id.*  In reply, Defendants assert that 323 unit-level grievances were processed in 2020 and 202 were processed in 2021, demonstrating that the grievance procedure has been, and is, available to inmates.  Docket No. 28 at 4.  Defendants further argue that Plaintiff's assertion that the computers and phones were not functioning did not show that the grievance process was unavailable, so as to excuse the exhaustion requirement.  Docket No. 27 at 3; Docket No. 28 at 4.

As the Magistrate Judge correctly observed, district courts have no discretion to excuse a failure to exhaust administrative remedies before filing suit, and there is no "emergency situation" exception to the exhaustion requirement.  Docket No. 29 at 5 (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *McMillian v. Director, TDCJ-CID*, 540 F.App'x 358 (5th Cir. 2013)).  The Magistrate Judge also rejected Plaintiff's assertion that the grievance process was unavailable, noting that Defendants' evidence demonstrated the process was available throughout 2020 and 2021.  Docket No. 29 at 6.  The Magistrate Judge further determined that Plaintiff's conclusory allegations were insufficient to overcome this evidence.  *Id.* at 6–7 (citing *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020) (noting that a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or only a scintilla of evidence)).

Plaintiff filed a motion for extension of time to object to the Magistrate Judge's Report.

Docket No. 32. In his motion, Plaintiff states that the heightened risk of Covid-19, in a crowded facility, alters what should be considered just punishment for an offense. *Id.* at 1. Plaintiff also states that, while Congress and the U.S. Sentencing Commission have decided that it is just to deprive an offender of certain liberties, "there is no evidence that [these entities] want inmates … exposed to a deadly virus while their liberty is restrained[,] nor do they recognize such conditions as 'just.' " *Id.* at 1–2. Plaintiff asserts that this was a "life and death situation" and that he can present over 500 "undesirable inmates" who can testify via affidavits of the " 'cruel and unusual' punishment of 'deliberate indifference' as defined by the CDC's August 2021 Report." *Id.* at 2.

Plaintiff's motion for extension of time (Docket No. 32) demonstrates that he seeks to file objections concerning the merits of his claim. As the Magistrate Judge's Report makes clear, however, dismissal was recommended based upon Plaintiff's failure to exhaust administrative remedies, not the merits of his claim. *See* Docket No. 29. Accordingly, Plaintiff's motion for extension of time to object is futile and should be denied. *See Keyes v. United States*, No. 5:12-CV-83, 2014 WL 357125, at *3 (N.D. W. Va. Jan. 31, 2014). Because Plaintiff did not file timely objections, he is barred from *de novo* review by the District Court of the Magistrate Judge's findings, conclusions and recommendations; and, except upon grounds of plain error, Plaintiff is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the pleadings in this cause of action and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (explaining that, where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

**ORDERED** that Plaintiff's Motion for an Extension of Time to Object to the Magistrate Judge's Report and Recommendation (Docket No. 32) is **DENIED**. Should Plaintiff elect to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59 (within 28 days after the entry of final judgment) or a motion for relief from judgment under Federal Rule of Civil Procedure 60 (more than 28 days after the entry of final judgment), the Court will accord such motion

due consideration. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 29) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendants' Motion for Summary Judgment (Docket No. 22) is **GRANTED**. It is further

**ORDERED** that the above-titled cause of action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that all motions currently pending in this civil action are hereby **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 23rd day of September, 2022.**

*[Signature: Robert W. Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE